In the Matter of the Application of EDITH H. CHASE, Respondent for an Order of Mandamus against FREDERICK C. MASON and Others, as Trustees of Union Free School District No. 1, Town of Massena, and Constituting the Board of Education of Union Free School District No. 1, Town of Massena, and Another, Appellants.

Third Department, May 5, 1926.

**Schools — teachers — Education Law, § 561, requires annual contract with teachers — Education Law, § 888, does not compel board of education to retain teacher — said section merely compels board, if teacher is re-employed, to pay statutory salary.**

A teacher in a union free school district which has a superintendent and maintains an academic department, cannot compel the board of education to retain her as a teacher in a school of the district, for section 561 of the Education Law requires that teachers shall be employed on an annual contract.

Section 888 of the Education Law when read in connection with section 561 does not compel a board of education to retain a teacher who has previously served as such, but said section merely requires a board of education which does retain a teacher to pay her at the rate of compensation and with the increment provided for in the schedules contained in section 886-b of the Education Law.

APPEAL by Frederick C. Mason and others from a peremptory order of mandamus, made at the Saratoga Special Term and entered in the office of the clerk of the county of St. Lawrence on the 21st day of May, 1925, directing the defendants to convene as a board of education in union free school district No. 1 in the town of Massena and execute and deliver to the petitioner, Edith H. Chase, a contract in writing employing her as a teacher in the public schools in said school district.

*Andrew J. Hanmer,* for the appellants.

*Giles A. Chase,* for the respondent.

*Frank B. Gilbert, amicus curiæ,* for the State Commissioner of Education.

H. T. KELLOGG, J. Article 33-B of the Education Law, added by chapter 645 of the Laws of 1919, is entitled " Salaries of the Members of the Supervising and Teaching Staff in City Schools." Notwithstanding this title, which would seem to foreshadow provisions treating solely of teachers and supervisors in city schools, the article, nevertheless, includes a section (§ 886-b, added by Laws of 1920, chap. 680, as amd. by Laws of 1923, chap. 851) entitled " Salaries in union free school districts," which does in fact deal with salaries in union free school districts generally. The section provides that the salary of a teacher or supervising member of a union free

school district, having an academic department or approved high school, shall not be less than as prescribed in certain schedules set forth in the section. The schedules name a minimum salary for teachers in elementary schools of $800 and a minimum salary for teachers in high schools of $900. They provide that the annual increment in the salary of a teacher of either class shall not be less than $75. Article 33-B also includes section 888, subdivision 1, which reads as follows: "A member of the supervising and the teaching staff in such schools serving under a schedule which provides for annual increments shall receive for any given year of service the salary and the increment provided in said schedule for the year which corresponds to his year of service, unless his services for the year immediately preceding have been declared by a majority vote of the board of education or board of superintendents of a city, to be unsatisfactory, after opportunity to be heard." The petitioner, a teacher in union free school district No. 1 of the town of Massena, which has a superintendent of schools and maintains an academic department, who served as a teacher in such district under a written contract for the school year 1922–1923, and under a written contract for the school year 1923–1924, and who when the order herein was granted was serving under a contract for the school year 1924–1925, and whose services were never declared to be unsatisfactory by the board of education, claims that she is entitled, as a matter of right, to a contract of employment for the school year 1925–1926. She contends that the board of education of the district, under section 888, was without discretion, not merely as to the matter of salary at which she should be employed, but as to the very matter of her employment, and that, in obedience to the section, the board of education should have employed her. Section 888 must be read in conjunction with section 561 (as amd. by Laws of 1910, chap. 442). That section provides that the trustees, or boards of education of school districts, who employ a teacher, shall execute and deliver, at the time of employment, a contract in writing setting forth the details of the agreement, and "particularly the length of the term of employment, the amount of compensation and the time when such compensation shall be due and payable." It further provides: "No contract for the employment of a teacher in a district having three or more trustees shall be made for more than one year in advance or for a shorter time than ten weeks unless for the purpose of filling out an unexpired term of school." Thus the section requires boards of education each year to enter into contracts of employment and forbids them to contract for the services of a teacher for a period greater than one year. If the effect of

section 888 is to require boards of education always to reappoint a teacher, unless her services have been declared unsatisfactory, then the need of a yearly contract disappears, and the prohibition against contracting for more than a year falls to the ground. Certainly statutes, one of which directs a yearly hiring for one year only, and the other of which requires what, in effect, is a perpetual hiring, are inconsistent. The two sections, however, make harmonious provisions, if we regard section 561 as still empowering boards of trustees to select its teachers for the school year, at its discretion, and section 888 as limiting this power in the respect only that if teachers are re-employed, their services must be contracted for at the rate of compensation, and with the increment, provided for in the schedules referred to. In no other way may each of the two statutes be given effect. We consider the construction indicated to be correct, and hold that the petitioner was not entitled, as a matter of right, to re-employment.

The order should be reversed and the application dismissed.

All concur.

COCHRANE, P. J. Section 872 of the Education Law was enacted in the year 1917 (Chap. 786) and with section 868, enacted at the same time, provided for permanency of tenure of teachers in cities. Both sections are in article 33-A of the Education Law. Such permanency could only be acquired by the service of a probationary period of from one to three years to be fixed by the board of education in its discretion. Article 33-B was enacted in the year 1919 (Chap. 645) and as then enacted related exclusively to city teachers. It included section 888, relied on by the respondent herein, which section determined the salary of a city teacher serving under a schedule providing for annual increments. Such section when enacted obviously had nothing to do with permanency of tenure because that was fixed and regulated by section 872. Subsequently and in the year 1920 (Chap. 680), article 33-B was amended by making an addition to section 886 and by inserting section 886-b, a new section. That amendment in 1920 is the only provision in article 33-B pertaining to teachers other than those in cities and it is confined entirely to the question of their salaries. No provision has been made concerning the tenure of their positions corresponding to section 872 in reference to teachers in cities. Clearly section 888, which in part was also amended in 1920 (Chap. 73), has now no other or greater significance than it had in 1919 when it was enacted and as pointed out it then related only to salaries and not to tenure which was and is regulated by section 872. Section 888 cannot mean one thing for teachers in cities and something more

for other teachers. Furthermore, the construction claimed by the respondent would give her permanency of tenure immediately on her employment, whereas teachers in cities may under section 872 acquire such permanency of tenure only after serving a probationary period. Such was not the legislative purpose. For the foregoing reasons and also for those stated by Mr. Justice H. T. KELLOGG, I think the order should be reversed.

All concur.

Order reversed on the law, with costs, and application denied, with ten dollars costs.